FILED
United States Court of Appeals
Tenth Circuit

January 12, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAOI KAI HE,

        Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

        Respondent.

No. 15-9557

(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.[**]

Dao Kai He is a native and citizen of the People's Republic of China who

petitions for review of a Board of Immigration Appeals decision affirming the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

immigration judge's denial of asylum and withholding of removal.[1]  We deny the petition for review.

Mr. He entered the United States in 2006 without being admitted or paroled.  The Department of Homeland Security issued him a Notice to Appear before an IJ to answer the charge that he was removable, pursuant to 8 U.S.C. § 1182(a)(6)(A)(I).  On May 6, 2012, in front of an IJ, Mr. He conceded his removability based on section 237(a)(1)(B) of the Immigration Nationality Act as an alien present without being admitted or paroled.

On September 24, 2013, Mr. He applied for asylum, withholding of removal, and Convention Against Torture protection.  At the hearing, Mr. He testified that he had been a member of the Catholic Church since he was a child. He stated that he had gone to a church until 2005, when the Chinese government dissolved the church because it determined that it had become too popular.  After the formal dissolution, Mr. He continued to attend secret meetings at members' homes.  Mr. He claimed that he had been arrested, detained for fifteen days, interrogated, and beaten by Chinese authorities for attending illegal religious meetings.

To corroborate his testimony, Mr. He submitted several letters.  Among them was a letter from his father stating that Mr. He had been arrested along with

---

[1]  Although Mr. He also sought relief under the United Nations Convention Against Torture (CAT), he has abandoned his CAT claim in this appeal, and it is therefore waived.

other church members and detained for ten days.  A nun from the St. Thomas Aquinas Church in Monterey Park, California, wrote letters confirming that Mr. He had attended mass there since 2007.  Mr. He testified, however, that he had been living in Utah since 2009.

The IJ questioned petitioner about the inconsistencies in his application. First, the IJ asked why the letter written by Mr. He's father stated that Mr. He had been detained for ten days, while Mr. He testified he had been detained for fifteen.  Mr. He gave two answers: that he had told his father he had been detained for "ten-something days," and that his father was "getting old" so his memory was "not so good."  AR 186.  The IJ next asked Mr. He to explain why the nun claimed he had attended church in Southern California since 2007 when Mr. He had testified he had been living in Utah since 2009.  The IJ asked Mr. He three times to explain how he had continued to attend that church after he moved away.  Each time, Mr. He provided a different answer.

The IJ denied Mr. He's application in full, finding petitioner failed to establish his credibility in light of the inconsistencies identified above.  The IJ was not persuaded that the letters from Mr. He's father, cousin, or the nun were reliable.  The IJ found that petitioner's father did not show signs of poor memory, nor did Mr. He's father preface his statement with any language indicating that his son had given him only an approximation of the length of his detention. Regarding the letters from the nun, the IJ found it improbable, given Mr. He's

full-time job as a waiter in Utah, that he made twice-monthly weekend trips to California to attend church. Thus, the IJ found Mr. He failed to make the required showing for asylum, and necessarily failed to meet the higher burden for withholding of removal.

Mr. He then appealed to the BIA, which dismissed his appeal on July 21, 2015. The BIA found the IJ's credibility finding was not clearly erroneous, and that the inconsistencies identified by the IJ were supported by the record. The BIA affirmed the denial of Mr. He's petition.

When reviewing a brief order entered by a single member of the BIA under 8 C.F.R. § 1003.1(e)(5), we treat the BIA's decision as the final order of removal, but "consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). In addition, "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* (quotation omitted).

While we review legal determinations de novo, we review factual findings for substantial evidence. *See Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Thus, we "look to the record for 'substantial evidence' supporting the agency's decision: '[O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.'" *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir.

2006) (alteration in original) (quoting *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004)).  An alien seeking to overturn a factual finding must meet a demanding standard because "[t]he agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)) (further quotation omitted).

"Credibility determinations are factual findings . . . subject to the substantial evidence test."  *Uanreroro*, 443 F.3d at 1204.  Accordingly, "we will not question the immigration judge's or BIA's credibility determinations as long as they are substantially reasonable."  *Woldemeskel v. INS*, 257 F.3d 1185, 1192 (10th Cir. 2001).  But because an alien's credible testimony may support an application for asylum or restriction on removal without corroboration, *see* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C); 8 C.F.R. §§ 208.13(a), 208.16(b), the IJ or BIA "must give specific, cogent reasons for disbelieving it."  *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004) (quotation omitted).  An adverse credibility finding "may not be based upon speculation, conjecture, or unsupported personal opinion."  *Chaib v. Ashcroft*, 397 F.3d 1273, 1278 (10th Cir. 2005) (quotation omitted).  In addition, the agency may base an adverse credibility finding on an inconsistency between the applicant's statements and other evidence in the record "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other

relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see In re J-Y-C*, 24 I. & N. Dec. 260, 265 (BIA 2007).

The BIA determined that the IJ's adverse credibility finding was not clearly erroneous because of two inconsistencies Mr. He failed to resolve: (1) Mr. He's testimony that he had lived in Utah since 2009 conflicted with letters submitted on his behalf that claimed he had attended church in Southern California since 2007; and (2) Mr. He testified that he had been detained by the Chinese government for fifteen days, while a letter from his father claimed his detention lasted only ten days.

We conclude that the BIA's affirmance of the IJ's adverse credibility finding was substantially reasonable and that no reasonable adjudicator would be compelled to conclude to the contrary.  The discrepancies between the letters submitted and Mr. He's testimony support the IJ's adverse credibility determination and the BIA's affirmance.  Thus, we are persuaded that both the IJ's and and the BIA's decisions are supported by substantial evidence in the record.

The petition for review is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

-6-